UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN THOMAS BISHOP,
7826 Solomon Seal Drive
Springfield, VA 22152

    Petitioner,

    v.

MICHAEL W. WYNNE,
SECRETARY OF THE AIR FORCE,
in his official capacity,
1670 Air Force Pentagon,
Washington, DC 20330-1670

    Respondent.

Civil Action _____

Petition for Writ of Habeas Corpus

## PETITION FOR A WRIT OF HABEAS CORPUS
## BY A PERSON IN MILITARY CUSTODY

Steven Thomas Bishop, through counsel, petitions this Court for a Writ of Habeas Corpus challenging military custody on the grounds that the United States Air Force (USAF) honorably discharged him effective March 31, 2006, and he has civilian status. Therefore, the USAF lacks court-martial jurisdiction over Mr. Bishop. In support of his petition, Mr. Bishop states:

1.     The Petitioner, Steven Thomas Bishop, was formerly a Major in the USAF, stationed at the Pentagon.

2. Respondent Michael W. Wynne is the Secretary of the Air Force. He is sued in his official capacity.

### I. JURISDICTIONAL ALLEGATIONS.

3. This Court has jurisdiction to issue a write of habeas corpus and to grant relief as law and justice require under 29 U.S.C. §§ 2241(a) and (c), and 2243 (2006), because the Petitioner Mr. Bishop is a former USAF officer who was completely separated from the service on March 31, 2006.

### II. FACTUAL ALLEGATIONS.

4. Mr. Bishop entered the USAF on March 26, 1990.

5. In June 2005, Col Michael D. Williams preferred charges against Mr. Bishop for alleged fraud against the United States under Uniform Code of Military Justice (UCMJ) Art. 132.

6. At time the charges were pending, Mr. Bishop, although assigned to the Joint Strike Fighter Program (JSF/PO), was working for the Secretary of the Air Force/ Acquisition Secretariate Requirement Evaluation (SAF/AQRE). The latter is a separate office from JSF/PO.

7. By letter of October 19, 2005, the USAF informed Mr. Bishop that he had failed selection to Lt Col for the second time and would undergo involuntary separation effective March 31, 2006.

8. Mr. Bishop was working at the SAF/AQRE at the time of his out-processing for his involuntary separation for nonselection. He properly completed an out-processing checklist from his then-duty station at SAF/AQRE.

9. On March 31, 2006, Mr. Bishop was involuntarily separated under honorable conditions from the USAF. He received a DD Form 214, the discharge document.

10. Although Mr. Bishop faced a court-martial at the time of his separation, the USAF did not place Mr. Bishop on administrative hold. Specifically, the USAF did not "flag" Mr. Bishop to prevent his separation.

11. The USAF had scheduled the court-martial for April 4, 2006, at Bolling AFB.

12. However, on April 3, 2006, by memorandum, Capt Brent F. Osgood, withdrew all charges and specifications against Mr. Bishop, therefore eliminating the USAF's court-martial jurisdiction over Mr. Bishop.

13. Nevertheless, on April 18, 2006, Col Williams sent an order to Mr. Bishop to report back for duty on April 19, 2006. The order also stated that Mr. Bishop remained on active duty. Col Williams had the order delivered to Mr. Bishop's home, where Mrs. Bishop received it.

14. On April 19, 2006, Col Williams re-preferred the charges against Mr. Bishop. However, on this date, Mr. Bishop was no longer a military member because he had successfully completed the out-processing for his separation, received his DD 214 form and had a final pay accounting.

15. Mr. Bishop did not report for duty on April 19, 2006, because he was in civilian status.

16. On April 19, 2006, the USAF served a package containing the re-preferred charges and specifications to Mr. Bishop while he was at home.

3

17. Because Mr. Bishop did not report for duty in April, on May 10, 2006, the USAF apprehended Mr. Bishop at his work place and transported him to the Quantico, VA, Marine Base Brig.

18. On May 13, 2006, the USAF held a pretrial confinement hearing at Quantico.

19. On May 14, 2006, Lt Col Heinrich K. Rieping, Jr., the Pretrial Confinement Reviewing Officer, issued a decision releasing Mr. Bishop from confinement, concluding that Mr. Bishop was no longer a member of the USAF.

20. The USAF released Mr. Bishop from confinement on May 14, 2006.

21. Subsequently, however, the USAF, in an effort to assert continuing control over Mr. Bishop, issued an order to Mr. Bishop to report for duty on this Thursday, May 18, 2006.

22. Case law supports granting the writ of habeas corpus. Toth v. Quarles, 350 U.S. 11 (1955); Smith v. United States, 47 M.J. 56 (C.A.A.F 1997).

### III. CLAIMS FOR RELIEF.

23. Because the decision of the Respondent, Secretary of the Air Force, that Mr. Bishop is still a service member and subject to military jurisdiction is not supported by any reason and lacks any basis in fact, Mr. Bishop is entitled to an order directing the respondent to release him from any order to report for duty and to the re-preferred charges and specifications and court-martial.

24. Mr. Bishop is entitled to an award of reasonable attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412 (2006), and other applicable law because: (a) the decision of the respondent Secretary of the Air Force ordering

Mr. Bishop to report for military duty on Thursday, May 18, 2006, and subjecting Mr. Bishop to the re-preferred charges and specifications and court-martial is not substantially justified in light of Mr. Bishop's separation from the United States Air Force on March 31, 2006, and the withdrawal of the charges and specifications on April 3, 2006, and (b) Mr. Bishop's net worth does not exceed $2 million dollars.

**WHEREFORE**, Petitioner prays that this Court:

A. Issue an Order directing the Respondent, prior to Thursday, May 18, 2006, to show cause before this Court why this Court should not issue a Writ of Habeas Corpus;

B. Grant Mr. Bishop costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (2006), or other applicable law; and

C. Grant such other relief as law and justice require.

Dated: May 15, 2006                           Respectfully submitted,

James R. Klimaski
DC Bar No. 243543
Klimaski & Associates, P.C.
1819 L Street, N.W.  Suite 700
Washington, D.C. 20036
(202) 296-5600

Attorney for Petitioner Steven Thomas Bishop