UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN THOMAS BISHOP,<br>    Petitioner,<br><br>v.<br><br>MICHAEL W. WYNNE,<br>Secretary of the Air Force,<br>    Respondent. | )<br>)<br>)<br>)  Civil Action No. 06-00921 (CKK)<br>)<br>)<br>)<br>)<br>) |

**GOVERNMENT'S MOTION TO DISMISS OR TO TRANSFER PETITIONER'S
PETITION FOR A WRIT OF HABEAS CORPUS**

The United States Air Force, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves the Court to dismiss petitioner's petition for a writ of habeas corpus or, in the alternative, to transfer the case to the United States District Court for the Eastern District of Virginia. In support of this motion, the United States submits the following:

**FACTUAL BACKGROUND**

Major Steven T. Bishop is assigned to Fighter Attack Systems Wing, Wright-Patterson Air Force Base, Ohio, but is attached to a Geographically Separated Unit ("GSU"), the J F-35 Joint Strike Fighter ("JSF") Program located in at 200 12th St. South, Arlington VA 22202. See Exhibit 1 (Affidavit of Brent F. Osgood) at ¶ 2. Although still technically assigned to Wright-Patterson AFB and still attached to the JSF, Major Bishop began working for the Secretary of the Air Force Acquisition Secretariate Requirement Evaluations ("SAF/AQRE") located at 1500 Wilson Blvd., Arlington, Virginia. See id.

On April 14, 2005, courts-martial charges were preferred against Major Bishop for

misuse of the government travel card on multiple occasions and for making false travel voucher claims on multiple occasions. On September 21, 2005, charges were referred to trial by general court-martial. See Exhibit 1 at ¶ 3. On September 26, 2005, Major Bishop submitted a Resignation in Lieu of Courts-Martial ("RILO"). On January 25, 2006, SAF denied the RILO.[1]

On January 30, 2006, without the knowledge of the legal office, his commander, or the convening authority, a representative of the 11th Wing MSS/DPMX contacted Major Bishop concerning his "mandatory" separation for twice non-selection to lieutenant colonel and informed him that the effective date for his separation would be March 31, 2006. A few days later, on February 3, 2006, the prosecuting trial attorneys and Major Bishop's defense attorney agreed upon an April 4, 2006, trial date for the courts-martial. See Exhibit 1 at ¶ 6.

On February 27, 2006, orders for Maj. Bishop's separation were processed by Pentagon Military Personnel Flight ("MPF"). On March 30, 2006, Maj. Bishop's out processing included providing the MPF at the Pentagon a completed out-processing checklist. See Exhibit 1 at ¶ 7. The second page of the out-processing checklist required someone from his unit's command staff to sign off on the out-processing checklist. See id. Although initials appear in the required block, no one from the FASW, JSF or SAF/AQR command/director's staff's signed off on Maj. Bishop's out-processing checklist. See id.

On April 3, 2006, unaware that DPMX had mistakenly contacted Maj. Bishop regarding separation or that Maj. Bishop had "out-processed," the Chief Circuit Trial Counsel ("CCTC") assigned to Bishop's case recommended withdrawal of charges because of the need to

---

[1] Maj. Bishop had been twice passed over for selection to Lieutenant Colonel and had he not been pending courts-martial charges, he would have been required to separate under AFI 36-3207, paragraph 3.4. See Exhibit 1 at ¶ 4.

investigate evidence of greater fraud than that originally identified. See id. at ¶ 8. Without knowledge of the actions regarding Major Bishop, the General Courts-Martial Convening Authority withdrew charges on April 3, 2006, planning to prefer charges again at a later date. The GCMA did not dismiss the charges against Maj. Bishop. See id. On this same date, Maj. Bishop's DD 214 was delivered to his home via Federal Express. Id.

On April 6, 2006, a representative of the 88 Air Base Wing legal office requested that DFAS stop any separation payments to Major Bishop. See Exhbit 1 at ¶ 9. On April 7, 2006, 88 ABW/JA was informed by a representative from DFAS that attempts to stop payment failed. Approximately $93,000 in separation pay had been electronically transferred to petitioner's bank; however, the money was immediately returned to DFAS.

On April 18, 2006, FASW/CC (Col Michael D. Williams) made telephonic contact with Maj. Bishop at his home and ordered him to report to his Arlington, VA duty location on April 19, 2006. See Exhibit 2 (Affidavit of Col. Michael D. Williams) at ¶ 3. Maj. Bishop acknowledged that he understood the order and informed Col. Williams that he would be consulting counsel. See id. The commander followed up the telephonic order with a hand-delivered written order to Maj. Bishop's residence in Springfield VA. See id. at ¶ 4. On April 19, 2006, Maj. Bishop failed to report to duty as ordered. See id. at ¶ 5. Col. Williams then called Maj. Bishop's home and left a message on the answering machine repeating the order to report. See id. At that time, Col. Williams ordered a sealed package delivered to Maj. Bishop's residence and a duplicate of the package sent to his Area Defense Counsel. See id. at ¶ 6. The sealed package contained a DD Form 458 charge sheet with three charges. FASC/CC had preferred the charges against Major Bishop for (1) attempted fraudulent separation; (2) willful

dereliction of duty for misuse of travel card; and (3) filing false travel vouchers. See id.

On May 5, 2006, Maj. Bishop called the Military Personnel Flight (MPF) at Bolling to request release of his security clearance. The MPF informed him that his security clearance would not be released because he was still on active duty. When Col. Williams found out Maj. Bishop had obtained civilian employment in Arlington VA (SRS, 1601 North Kent St, Suite 301, Arlington VA. 22209), he obtained a phone number and called Maj Bishop. Col. Michael Williams, once again, informed Maj. Bishop that he had not left active duty and that he was currently classified as a deserter. See id. at ¶ 7. He instructed Maj. Bishop to put his uniform back on and report to Col. Charles Bailey at SAF/AQRE immediately. See id. Col. Williams also notified Maj. Bishop that his security clearance could not be released by the MPF since he was still on active duty. See id. Maj. Bishop again failed to appear for duty and, on May 8, 2006, a warrant was issued for Maj. Bishop for desertion. See id. at ¶ 8.

On May 10, 2006, Maj. Bishop was apprehended. See Exhibit 1 at ¶ 14. Once he was in military custody, Col. Williams (FASW/CC) signed an order placing Maj. Bishop in pre-trial confinement at Quantico, VA. See id. Two additional charges were preferred on May 10, 2006, and served on May 13, 2006. The charges included desertion terminated by apprehension (Article 86), and a violation of a lawful order from his commander to return to duty (Article 92). See id. On May 13, 2006, a pretrial confinement hearing was held at Quantico, VA. See id. at ¶ 15. On May 14, 2006, the pretrial confinement hearing officer ordered Maj. Bishop released from pretrial confinement, basing his decision on his belief that the GCMA's withdrawal of all charges eliminated courts-martial jurisdiction. See id. at ¶ 16. On May 14, 2006, Maj. Bishop was ordered to report on May 18, 2006, to the JSF/PO located in Arlington, VA. See Exhibit 3

(Order).

## ARGUMENT

In his petition for a writ of habeas corpus, petitioner contends that he is "entitled to an order directing the respondent to release him from any order to report for duty and to the re-preferred charges and specifications and court-martial," because petitioner alleges that he is no longer a service member and subject to military jurisdiction. See Petition at ¶ 23. However, petitioner's habeas petition cannot be considered by this Court, because this Court is limited to granting habeas relief within its respective jurisdiction. See 28 U.S.C. § 2241(a) (federal district courts are limited to granting habeas relief "within their respective jurisdiction"). The proper jurisdiction for this habeas matter is the Eastern District of Virginia, since that is where petitioner's "custodian" is located.

The case of Rooney v. Secretary of the Army, 405 F.3d 1029 (D.C. Cir. 2005), illustrates why jurisdiction is not proper in this Court. There, petitioner sought a "declaratory judgment that his obligation to the Army terminated when the Army discharged him in February 2002, and that the Army's subsequent revocation of his discharge on the ground that it was procured by fraud was unlawful." Rooney, 405 F.3d at 1029. The Army ordered Rooney to report for active duty at Fort Hood, Texas. See id. at 1030. Rooney "sought a temporary restraining order, which the district court denied. Thereafter, Rooney reported for duty at Fort Hood." Id. at 1031. Rooney then filed an amended complaint seeking declaratory judgment that his "discharge was valid, effective, and irrevocable and that the revocation order was unlawful." Id. (citation omitted). The district court for the Western District of Texas granted the Army's motion for summary judgment. Id.

5

Rooney then filed a complaint in the United States District Court for the District of Columbia, claiming that "the Army's revocation of his discharge without a hearing violated Army regulations, the Uniform Code of Military Justice, and the Due Process Clause of the Fifth Amendment to the Constitution." Id.  The District of Columbia Circuit determined that because Rooney's "declaratory judgment action must be treated as a habeas petition, it must also be dismissed for lack of jurisdiction." Id. at 1032.  The Court stated that the Supreme Court had reiterated "just last Term, [that] a district court has jurisdiction over a habeas petition only if it has jurisdiction over the petitioner's custodian." Id. (citations omitted).  The Rooney Court further noted that "while the United States District Court for the District of Columbia may have jurisdiction over the Secretary of the [Air Force],[2] that fact does not help [petitioner] because the petitioner's immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." Id.[3]

Here, the order from which petitioner seeks release requires him to report to the JSF/PO located in Arlington, VA.  See Exhibit 3 and Exhibit 1 at ¶ 17.  As Col. Michael D. Williams is petitioner's immediate custodian for purposes of the federal habeas statute, and he is not located in Washington, D.C., this Court does not have jurisdiction over this matter.  See id. at 1032.

Accordingly, this Court should transfer petitioner's petition to the U.S. District Court for the Eastern District of Virginia, after giving petitioner notice of the proposed action and an

---

[2] "Of course, the Secretary of the [Air Force] is located at the Pentagon, which is in Virginia, not the District of Columbia."  Monk v. Secretary of the Navy, 793 F.2d 364, 369 n.1.

[3] The Circuit Court thought it likely that "Rooney was 'in custody' for purposes of the habeas statute when he filed his initial complaint in March 2002, since at that point the Army considered him a reservist in the NGMEP subject to military orders and obligated to return to active duty when his fellowship ended."  Rooney, infra, 405 F.3d at 1032 n.1.

6

opportunity to be heard on the issue. See Chatman-Bey v. Thornburgh, 864 F.2d 804, 814 (D.C. Cir. 1988) (prior to transfer, court should provide habeas petitioner "with both notice of the District Court's anticipated action and an opportunity to set forth reasons why the case can (and should) properly be heard in this jurisdiction").

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, petitioner's habeas petition should be transferred to the U.S. District Court for the Eastern District of Virginia, after giving petitioner notice of the proposed transfer and an opportunity to respond. A proposed order is attached.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR 434122
Chief, Civil Division

_____
KAREN L. MELNIK
Assistant United States Attorney
555 Fourth Street, N.W., Rm. E4112
Washington, D.C. 20530
(202) 307-0338

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing motion and proposed order have been served by Fax upon petitioner's counsel, James R. Klimaski, on this 17th day of May, 2006.

_____
KAREN L. MELNIK
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STEVEN THOMAS BISHOP**       )<br>          Petitioner,       )<br>                                          )<br>     v.                              )<br>                                          )<br>**MICHAEL W. WYNNE**           )<br>**Secretary of the Air Force,**    )<br>          Respondent.       )<br>_____) | Civil Action No. 06-0921 (CKK) |

## ORDER

UPON CONSIDERATION of Respondent's motion to dismiss or to transfer, the grounds stated therefor, any opposition thereto, and the entire record herein, it is on this ___ day of _____, hereby:

ORDERED that Respondent's motion should be and hereby is GRANTED; and it is

FURTHER ORDERED that this case is hereby TRANSFERRED to the Eastern District of Virginia / Petitioner's Petition is hereby DISMISSED.

 

_____
COLLEEN KOLLAR-KOTELLY
United States District Court Judge

DATE:

copies to:

Karen L. Melnik
Assistant United States Attorney
555 Fourth Street, N.W., Rm. E4112
Washington, D.C. 20530

James R. Klimaski
1819 L Street, N.W. Suite 700
Washington, D.C. 20036