## AFFIDAVIT

STATE OF OHIO, GREENE COUNTY, ss.

I, BRENT F. OSGOOD, Captain, United States Air Force, am the Chief of Military Justice, 88 ABW/JA, 5135 Pearson Road, Bldg 10, rm 125, Wright-Patterson Air Force Base (AFB), Ohio 45433. Upon review of the official records related to the matters raised in Major Bishop's Petition, and after conversations with the personnel identified in the paragraphs below, I do hereby certify, under penalty of perjury, that the following facts are true and correct to the best of my knowledge:

Major Steven T. Bishop is assigned to Fighter Attack Systems Wing, Wright-Patterson Air Force Base, Ohio, but attached to a Geographically Separated Unit (GSU), the J F-35 Joint Strike Fighter (JSF) Program located at 200 12th St. South, Arlington VA 22202. Although still technically assigned to Wright-Patterson AFB and still attached to the JSF, while pending charges, Major Bishop was working for Secretary of the Air Force Acquisition Secretariat Requirement Evaluations (SAF/AQRE) located at 1500 Wilson Blvd., Arlington VA.

On April 14th 2005, courts-martial charges were preferred against Major Bishop. On 21 Sep 05, those charges were referred to trial by general court-martial.

Maj Bishop had been twice passed over selection to Lieutenant Colonel and had he not been pending courts-martial charges, he would have been required to separate under AFI 36-3207, paragraph 3.4.

Back in October of 2005, without the knowledge of the Wright-Patterson AFB legal office, the Bolling AFB legal office, his commander, or the convening authority, a representative of the 11th Wing MSS/DPMX contacted Major Bishop concerning his mandatory separation for twice non-selection to lieutenant colonel and informed him the effective date for his separation would be March 31st, 2006.

After receiving word of the Secretary of the Air Force's denial of Major Bishop's request for Resignation in Lieu of Court-martial on February 1st, 2006, I agreed on February 2nd 2006 with Major Bishop's defense attorney, Captain Brooke Schmidly, to a trial date of April 4th 2006. On April 3rd, 2006, Colonel Thomas Cumbie, Chief Judge for the Eastern Circuit, docketed the trial for April 4th, 2006.

On February 27th, 2006, orders for Maj Bishop's separation were processed by Pentagon MPF. On March 30th, 2006, Major Bishop's out processing included providing the MPF at the Pentagon a completed out-processing checklist. The second page of the out-processing checklist required someone from his unit's command staff to sign off on the out-processing checklist. Although initials appear in the required block, no one from the FASW, JSF or SAF/AQR command/director's staffs initialed that block.

On April 3rd, 2006, unaware that Personnel at the Pentagon had contacted Maj Bishop regarding separation or that Maj Bishop had out-processed on March 31st, 2006, the Chief Circuit Trial Counsel (CCTC) assigned to Bishop's case recommended withdrawal of charges because of the need to investigate evidence of greater fraud than that originally identified. Without knowledge of the personnel actions regarding Major Bishop, the General Courts-Martial Convening Authority (GCMCA) withdrew charges on April 3rd, 2006, planning to prefer charges again at a later date. The GCMCA did not dismiss the charges against Major Bishop. On this same date, Maj Bishop's DD 214 was delivered to his home via Federal Express.

On April 6th, 2006, I called SAF/AQRE and was told Maj Bishop no longer worked there and that he separated from the Air Force on March 31st, 2006. On April 6th, 2006, a representative of the 88 Air Base Wing legal office requested DFAS stop any separation payments to Major Bishop. The DFAS attempts to stop payment failed. Approximately, $93,000 in separation pay had been electronically transferred to Maj Bishop's bank; however, the money was immediately returned to DFAS.

On April 18th, 2006, FASW/CC, Col Michael D. Williams, made telephonic contact with Maj Bishop at his home and ordered him to report to his Arlington VA duty location on April 19th, 2006. Major Bishop acknowledged he understood the order and informed Col Williams that he would be consulting counsel. The commander followed-up the telephonic order with a signed copy of the written order, delivered by Col Robert Arbach of the JSF/PO to Major Bishop's residence in Springfield VA.

On April 19th, 2006, Major Bishop failed to report to duty as ordered. Col Williams then called Major Bishop's home and left a message on the answering machine repeating the order to report. At that time, Col Williams ordered a sealed package delivered to Major Bishop's residence and a duplicate of the package sent to his Area Defense Counsel. The sealed package contained a DD Form 458 charge sheet with three charges preferred on April 19th, 2006. The package was delivered by Col Arbach again, who personally handed the package to Maj Bishop at Maj Bishop's residence in Springfield. FASW/CC had preferred the charges against Major Bishop for: attempted fraudulent separation; willful dereliction of duty for misuse of travel card; and filing false travel vouchers.

On May 5th, 2006, Major Bishop called the Military Personnel Flight (MPF) at Bolling AFB to request release of his security clearance. The MPF informed him that his security clearance would not be released because he was still on active duty. When Col Williams found out Major Bishop had obtained civilian employment in Arlington VA (SRS, 1601 North Kent St, Suite 301, Arlington VA. 22209), he obtained a phone number and called Maj Bishop.

Col Michael Williams, once again, informed Maj Bishop that he had not left active duty and that he was currently classified as a deserter. He instructed Maj Bishop to put his uniform back on and report to Col Charles Bailey at SAF/AQRE immediately. Col Williams also notified Maj Bishop that his security clearance could not be released by the MPF since he was still on active duty. Maj Bishop again failed to appear for duty and on May 8th, 2006, a

warrant was issued for Maj Bishop for desertion.

On May 10th, 2006, Maj Bishop was apprehended by Special Agent Watson, AFOSI. Col Williams, FASW/CC, signed an order placing Maj Bishop in pre-trial confinement at Quantico VA. Two additional charges were preferred on May 10th 2006, and served on May 13th, 2006: one for desertion terminated by apprehension (Article 86), and one for violation of a lawful order from his commander to return to duty (Article 92).

On May 13th, 2006, a pretrial confinement hearing was held at Quantico VA.

On May 14th, 2006, the pretrial confinement hearing officer ordered Major Bishop released from pretrial confinement, basing his decision on his belief the GCMCA's withdrawal of all charges eliminated courts-martial jurisdiction.

On May 14, 2006, Major Bishop was given a three day pass and was ordered to report to the JSF/PO located in Crystal City, Arlington VA, on May 18th, 2006.

_____        17 MAY 2006
BRENT F. OSGOOD, Capt, USAF        Date
Chief, Military Justice
88 ABW/JAM
Wright-Patterson AFB, OH


Sworn to before me and subscribed in my presence on
_____
Notary Public

My commission expires on

RHONDA R. McLENDON, Notary Public
in and for the State of Ohio
My commission Expires April 1, 2007