## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STEVEN T. BISHOP,** | |
| **Petitioner,** | |
| **v.** | **Civil Action No. 06-0921 (CKK)** |
| **MICHAEL W. WYNNE,** **SECRETARY OF THE AIR FORCE,** | |
| **Respondent.** | |

### PETITIONER'S OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS OR TO TRANSFER PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner, Steven Bishop, through counsel, files this Opposition to the Government's Motion to Dismiss or to Transfer Petitioner's Petition for a Writ of Habeas Corpus. The Government's motion should be denied because the District of Columbia has jurisdiction over this case.

Mr. Bishop is a civilian involuntarily discharged from the United States Air Force (Air Force) on March 31, 2006. The Air Force is trying to retain jurisdiction over Mr. Bishop, but they have no legitimate grounds to do so. See, Toth v. Quarles, 350 U.S. 11 (1955) and Smith v. Vanderbush, 47 M.J. 56 (A.F. Cir. 1997).

### I. FACTUAL BACKGROUND.

On March 26, 1990, Steven Bishop entered the Air Force. At all relevant times, Mr. Bishop was a Major in the Air Force. On April 14, 2005, Colonel Michael Williams charged Mr.

Bishop with violations of the Uniform Code of Military Justice (UCMJ). Exhibit 1. Col.

Williams recommended that Mr. Bishop be "referred to trial by general court-martial." Id.

While court-martial charges were pending, on October 19, 2005, Mr. Bishop received

notice, from Captain Jileene Vivians, that he would be involuntarily separated from the Air Force

on March 31, 2006. Exhibit 2. Mr. Bishop's separation resulted from Mr. Bishop's failure to be

promoted on two [2] consecutive occasions. Id.

On February 3, 2006, the Air Force scheduled Mr. Bishop's court-martial for April 4,

2006, at Bolling Air Force Base in Washington, D.C. Exhibit 3.

On February 27, 2006, Staff Sergeant Janelle Jacobson prepared, signed and sent Mr.

Bishop a "Request and Authorization for Separation." Exhibit 4. This document indicates that

the authority for Mr. Bishop's separation is "By Direction of the President." Id. The document's

effective date is March 31, 2006. Id.

On March 31, 2006, the Air Force released Mr. Bishop from active duty. Mr. Bishop

received his "DD Form 214 Worksheet" (Exhibit 5), "DD Form 214" (Exhibit 6), "Separations

Out-Processing Checklist" (Exhibit 7) and "Defense Finance and Accounting Service Military

Leave and Earnings Statement" (Exhibit 8). All of these documents confirm that Mr. Bishop

separated from the Air Force on March 31, 2006. Mr. Bishop's DD Form 214 indicates that Mr.

Bishop separated from the Air Force in Washington, D.C. Exhibit 6.

On April 3, 2006, Mr. Bishop received confirmation that the Air Force withdrew all

charges against him. Exhibit 9.

On April 18, 2006, Col. Williams issued Mr. Bishop orders to report for work the

following day. Exhibit 10. Because Mr. Bishop was no longer in the Air Force, he had no duty

to follow Col. Williams orders.  In fact, Mr. Bishop had already begun a new position as a civilian.

On May 1, 2006, Col. Williams sent Mr. Bishop's wife, Lauren Bishop, a letter stating that her husband was absent from duty.  Exhibit 11.  Col. Williams' letter said that even though he [Col. Williams] was stationed at Wright-Patterson Air Force Base in Ohio, Mrs. Bishop could call him at any time to discuss her husband's situation.  Id.

On May 10, 2006, Fairfax County Police arrested Mr. Bishop at his new place of work.  Exhibit 12.  After arresting Mr. Bishop, Fairfax County Police turned him over to the Air Force.  Id.  The Air Force placed Mr. Bishop in confinement at Quantico Marine Base.  Id.

On May 13, 2006, a pretrial confinement hearing occurred.  Exhibit 13.  On May 14, 2006, Lieutenant Colonel Heinrich Rieping, Jr., the Pretrial Confinement Reviewing Officer, issued a memorandum releasing Mr. Bishop from Air Force custody.  Id.  Lt. Col. Rieping's memorandum found that Mr. Bishop "properly completed outprocessing."  Id.  Lt. Col. Rieping went on to say that although the Air Force could have placed Mr. Bishop on administrative hold to prevent him from separating, no such hold existed in Mr. Bishop's file.  Id.

Despite the Air Force's failure to place a hold in Mr. Bishop's file, pending court-martial charges continue jurisdiction regardless of separation status.  Exhibit 13.  Lt. Col. Rieping found that the April 3, 2006, dismissal of charges against Mr. Bishop terminated any remaining jurisdiction the Air Force had over Mr. Bishop.  Id.  Although charges were re-preferred on April 19, 2006, Mr. Bishop was not a member of the Air Force at that time.  Id.  Therefore, the Air Force had to release Mr. Bishop from confinement.  Id.

On May 16, 2006, Mr. Bishop filed the current Petition for a Writ of Habeas Corpus.  On

May 17, 2006, the Government challenged Mr. Bishop's action, arguing that the District of

Columbia did not have jurisdiction over Mr. Bishop's "custodian."  Government Motion at 5-7.

The next day, May 18, 2006, the Air Force issued orders for Mr. Bishop's Article 32

Investigation.  Exhibit 14.  Those orders indicate that Mr. Bishop's investigation will occur at

Bolling Air Force Base in Washington, D.C.  Id.

## II.  ARGUMENT.

The District of Columbia is the appropriate jurisdiction for Mr. Bishop's petition.  This

Court should retain jurisdiction because: (1) Mr. Bishop's custodian has no local location; (2) the

Air Force waived their right to challenge the Respondent in this case; and (3) the Air Force

agrees that actions involving Mr. Bishop should occur in the District of Columbia.

### A.  Mr. Bishop's "Custodian" has no Local Location.

Mr. Bishop is not in custody.  Exhibit 13.  However, for the purposes of this argument,

the Air Force alleges that Col. Williams is Mr. Bishop's custodian.  Government Motion at 6.

Col. Williams is stationed in Ohio.  Exhibit 11.  Despite this fact, no one is suggesting that Ohio

is the proper forum for Mr. Bishop's petition.  The government argues that Virginia is the

appropriate jurisdiction for this case.  Government Motion at 5.  This might be true if Col.

Williams were stationed in Virginia, or if Mr. Bishop was in custody in Virginia.  However,

neither is true in this case.

When no immediate physical custodian exists, the party exercising legal control is the

proper respondent.  Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004).  In this case, the proper

Respondent is Michael Wynne, the Secretary of the Air Force.  The District of Columbia has

4

jurisdiction over Secretary Wynne, because he conducts a significant portion of his official

business in the District of Columbia. See, Smith v. Dalton, 927 F. Supp. 1, 6 (1996) (Agency

heads can have multiple residences for jurisdictional purposes. The appropriate "test is whether

the officer or agency performs a 'significant amount' of his or her official duties there.").

### B. The Government Waived Their Right to Challenge the Respondent in this Petition.

The Government waived their right to challenge the Respondent in this petition. The

Government's motion focuses exclusively on Col. Williams as Mr. Bishop's custodian.

Government Motion at 5-7. The Government never argues that Secretary Wynne is not the

appropriate Respondent in this case. As discussed above, Secretary Wynne is the appropriate

Respondent in this case. Therefore, this Court can, and should, retain jurisdiction.

### C. The Air Force Agrees that Actions Involving Mr. Bishop Should Occur in the District of Columbia.

The Air Force agrees that actions involving Mr. Bishop should occur in the District of

Columbia. Mr. Bishop's initial court-martial, scheduled for April 4, 2006, was going to take

place at Bolling Air Force Base in the District of Columbia. Exhibit 3. Mr. Bishop's location of

separation was also Washington, D.C. Exhibit 6. Finally, because portions of the Air Force

insist that Mr. Bishop remains subject to court-martial, the Air Force issued orders for an Article

32 Investigation. Exhibit 14. This investigation will take place at Bolling Air Force Base. Id.

These facts demonstrate that the Air Force itself agrees that the District of Columbia is the

appropriate place to address issues involving Mr. Bishop.

### III.  CONCLUSION.

For the reasons discussed above, Mr. Bishop's Petition for a Writ of Habeas Corpus should remain in this Court.  An index to Mr. Bishop's Exhibits is included below.

Respectfully submitted,


May 19, 2006                                    _____/s/_____

James R. Klimaski, #243543
Klimaski & Associates, P.C.
1819 L Street NW
Suite 700
Washington, DC  20036-3830
202-296-5600

*Counsel to Steven T. Bishop*

_____

**Certificate of Service**

I certify that the foregoing will be served to counsel for Respondent automatically, subsequent to its proper filing in the approved electronic Portable Document Format (Adobe PDF file) through this Court's Case Management and Electronic Case Filing notification system — operated on a secure sector of this Court's website.

_____/s/_____
Jon Pinkus
Klimaski and Associates, PC

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**STEVEN T. BISHOP,**

    **Petitioner,**

       **v.**                               **Civil Action No. 06-0921 (CKK)**

**MICHAEL W. WYNNE,**
**SECRETARY OF THE AIR FORCE,**

    **Respondent.**

**PETITIONER'S EXHIBIT LIST**
**to his Opposition to the Government Motion to Dismiss or Transfer the Case**

Exhibit 1:  UCMJ Charge Sheet Against Mr. Bishop by Col. Williams.  4/14/2005.

Exhibit 2:  Notice of involuntary separation on 31 March 2006 from Capt. Vivians.  10/19/2005.

Exhibit 3:  Court Martial notice scheduling trial on 4 April 2006, dated 2/3/2006.

Exhibit 4:  Request and Authorization for Separation.  2/27/2006.

Exhibit 5:  DD Form 214 Worksheet.  3/31/2006.

Exhibit 6:  DD Form 214.

Exhibit 7:  Separations and Out-Processing Checklist.

Exhibit 8:  DFAS Military Leave and Earnings Statement.

Exhibit 9:  Confirmation that all court-martial charges had been withdrawn, dated 4/3/2006.

Exhibit 10:  Orders from Col. Williams for Mr. Bishop to report for duty.  4/18/2006.

Exhibit 11:  Letter from Col. Williams to Mr. Bishop's wife.  5/1/2006.

Exhibit 12:  Duty Status Change Form detailing Mr. Bishop's arrest by Fairfax County Police.
5/10/2006.

Exhibit 13:  Mr. Bishop's Pretrial Confinement Hearing Decision by Lt. Col. Heinrich Rieping,
5/14/2006.

Exhibit 14:  Air Force orders setting an Article 32 Investigation at Bolling AFB.  5/18/2006.