# Exhibit 13

## to Petitioner's Opposition

to the Government's Motion to Dismiss or Transfer the Case

Civil Action 06-0921

DEPARTMENT OF THE AIR FORCE
HEADQUARTERS AIR FORCE BASE MILES (AFMC)
WRIGHT-PATTERSON AIR FORCE BASE OHIO

14 May 2006

MEMORANDUM FOR COLONEL ANDREW K. WEAVER

FROM: LIEUTENANT COLONEL HEINRICH K. RIEPING, JR (PCRO)

SUBJECT: Pretrial Confinement Hearing – Major Steven T. Bishop, 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, Aeronautical Systems Center (AFMC)

1. PRELIMINARY MATTERS. Pursuant to AFI 51-201, Chapter 3, Sections A and B, R.C.M. 305, I was appointed a pretrial confinement review officer on 12 April 2006 by Colonel Andrew K. Weaver, 88 ABW/CC. The case of the above named confinee was referred to me by Colonel Andrew K. Weaver, 88 ABW/CC at 1200 on 12 May 2006 at Wright-Patterson Air Force Base, Ohio. At the beginning of the hearing, I advised the accused of his Article 31 rights, rights to counsel, and rights to make a statement and present evidence at the hearing.

2. OFFENSES ALLEGED. Major Steven T. Bishop is alleged to have committed the following offense(s):

   a. UCMJ Art 80, 30 Mar 06, Attempted Fraudulent Separation

   b. UCMJ Art 92, 19 Apr 06, Failure to Obey Order or Regulation

   c. UCMJ Art 85, 10 May 06, Desertion Terminated by Apprehension

   d. UCMJ Art 92, 20 Apr 01 - 27 Feb 04, Failure to Obey an Order, Willful Dereliction of Duty

   e. UCMJ Art 132, 30 Aug 01 - 29 Jan 04, Frauds Against the United States

3. ENTRY INTO PRETRIAL CONFINEMENT. The confinee was placed into pretrial confinement at Marine Corps Base Quantico Confinement Facility on 10 May 2006, pursuant to the order of Colonel Michael Williams, FASW/CC. A copy of the DD Form 2707, Confinement Order, is attached.

4. CONFINEE AND DEFENSE PARTICIPATION. Major Steven T. Bishop, his military counsel, Capt Brooke Schmidly, and his civilian defense counsel, Mr. James R. Klimaski were present during the hearing. The confinee presented evidence at the hearing in the form of questioning and arguments by the defense counsel.

5. EVIDENCE. The evidence presented during the hearing included the following:

a. The Government, represented by Captains Feith and Spencer, presented Exhibits (attached) which consisted of:

   (1) MFR from FASW/CC Subject: Pre-trial Confinement of Major Steven T. Bishop

   (2) DD Form 2707, Confinement Order for Maj Bishop dated 10 May 2006

   (3) Charge Sheet DD Form 458 dated 19 Apr 2006

   (4) Charge Sheet DD Form 458 dated 10 May 2006

   (5) MFR, Subject: Firm Trial Date via Dry Docket Process dated 2 Feb 2006

   (6) Affidavit regarding Outprocessing from Capt. Gonzalez dated 10 May 2006 including JSF Program Office Outprocessing Checklist and OL-P, 11 MSS/DPMAR Separations Out-Processing Checklist

   (7) Scripted message from Col Williams to Major Bishop dated 18 April 2006

   (8) MFR, Subject: Order to Report for Duty dated 18 April 2006

   (9) MFR from Col Robert A. Arbach (no date)

   (10) Scripted message from Col Williams to Major Bishop dated 19 April 2006

   (11) AF 2098 Duty Status Change dated 10 May 2006

   (12) Affidavit regarding Apprehension of Major Bishop from SA Watson dated 11 May 2006

b. The witness testimony of Col Michael Williams, FASW/CC (attached).

c. The Defense presented Exhibits (attached) which consisted of:

   (1) Involuntary Separation letter from Commander, Pentagon MPF dated 19 October 2005

   (2) AF 100 Request and Authorization for Separation dated 27 February 2006

   (3) DD Form 214 Worksheet

(4) DD Form 214 Certificate of Release or Discharge from Active Duty

(5) Email from Capt Osgood Subject U.S. v. Bishop dated 3 April 2006

(6) Memo Subject: United States v. Major Steven T. Bishop Confirmation of "Initial Trial Date" dated 3 February 2006

(7) Affidavit regarding Major Bishop's Military Pay from 1Lt Burks dated 10 May 2006

(8) LES History for Major Bishop 1-31 March 2006

(9) Fort Sill National Bank Record 29 March 2006-7 April 2006

(10) James J. Smith, Colonel, Military Judge, and the UNITED STATES Appellant v. Todd A. VANDERBUSH, Sergeant U.S. Army, Appellee

(11) UNITED STATES, Appellee v. Nicholas A. HARMON, Private, U.S. Marine Corps, Appellant

(12) JAMES I. VALN, Appellant v. UNITED STATES OF AMERICA DEPARTMENT OF DEFENSE, UNITED STATES ARMY, Appellee

(13) UNITED STATES EX REL. TOTH v. QUARLES, SECRETARY OF THE AIR FORCE

(14) UNITED STATES v. KING

    d. Finally, I elected to entertain brief comments from counsel at the conclusion of the hearing. The Government representatives, citing U.S. v. King (42 MJ 79), stated that there are three conditions that must be met in order to be officially separated from the military. The three conditions are: (1) member has to process out in accordance with service regulations; (2) member has to receive final accounting of pay; and (3) member has to receive DD Form 214. The Government representative stated that is their belief that all three conditions for separation were not met because member did properly out-process and that bank records do not indicate that Maj Bishop received his final pay. Based on this rationale, the Government representatives believe Maj Bishop is still on active duty and is triable by Court Martial for the offenses he is charged with. The defense counsel countered the arguments provided by the Government by stating the following: (1) Maj Bishop, while working at SAF/AQRE, outprocessed through the OL-P 11 MSS/DPMAR; (2) accounting of final pay was completed but not yet paid to Maj Bishop as indicated by bank statement showing DFAS deposit of $93,643.13 and then near-simultaneous withdrawal of same amount; (3) Maj Bishop has DD Form 214 in his possession.

6. FINDINGS: After considering the evidence summarized above and the attached documents, I do not find probable cause to believe the confinee committed the offenses for which he is held. In addition, I do not find continued pretrial confinement is required under the criteria set forth under R.C.M. 305(h)(2)(B) for the following reasons:

    a. According to the affidavit from Capt Gonzalez, Maj Bishop was assigned to the JSF/PO but was working at SAF/AQRE (separate office from JSF/PO) while his court martial from the charges preferred to him in June 2005 by Col Williams was pending.

    b. The OL-P 11 MSS/DPMAR checklist shows Maj Bishop's unit as SAF/AQ. There are initials in the Duty Section Out-processing block of the checklist that were not those of the JSF/PO personnel but could have been from the SAF/AQ support staff however this fact was never investigated by the Government. From my analysis of the out-processing checklist, it appears that Maj Bishop properly completed outprocessing his then-duty section, SAF/AQRE.

    c. Maj Bishop was involuntarily separated from the Air Force on 31 Mar 06 due to twice non-selection to Lt Col and received a DD Form 214 which he produced at the hearing. According to the Government, at the time of his of separation, he was still pending court martial. Under normal circumstances, if a member is facing a court martial, an administrative hold is placed on the individual by the Legal Office through the personnel system. For whatever reason, it appears, but could not be confirmed by the Government, that the personnel system did not put an administrative hold on Maj Bishop thus allowing him to be separated despite facing court martial.

    d. Despite the lack of an administrative hold on Maj Bishop which allowed him to separate, R.C.M. 202(c)(1) states that court martial jurisdiction attaches over a person when action with a view to a trial of that person is taken and jurisdiction shall continue notwithstanding the expiration of that person's term of service. In this case, there was a court martial scheduled to take place on 4 Apr 06 at Bolling AFB which means that the Air Force still had court martial jurisdiction over Maj Bishop after his separation. On 3 Apr 06, however, Capt Osgood sent an e-mail stating that the GCMCA had withdrawn all charges and specification in the pending court martial thereby eliminating the Air Force's court martial jurisdiction over Maj Bishop.

    e. On 19 Apr 06, when charged were re-preferred by Col Williams, it is my conclusion that Maj Bishop was no longer a member of the Air Force since he had successfully completed the three condition listed in paragraph 5d. above.

Based on my assessment of the information provided to me during the pretrial confinement hearing, I do not believe an offense triable by court martial was committed. Therefore, I did not continue to evaluate the remaining R.C.M 305(h)(2)(B) criteria.

8. DECISION. In accordance with the above findings, Major Steven T. Bishop will be released from pretrial confinement.

9. RECOMMENDATION: N/A

HEINRICH K. RIEPING, JR., Lt Col, USAF
Commander, 88th Communications Squadron
Pretrial Confinement Reviewing Officer

Attachments:
1. Letter of Appointment
2. Confinement Order
3. Evidence

## TAB C

## WITNESS STATEMENT SUMMARY

Col Michael D. Williams, Fighter Attack Systems Wing Commander, WPAFB, OH, was called as a witness on 13 May 06, during the pretrial confinement hearing regarding Major Steven T. Bishop, was sworn, and testified in substance as follows:

Col Williams stated that he was the Commander of the FASW, WPAFB, OH and that Major Bishop was part of his unit operating at Arlington, VA. He stated that he was familiar with the case and provided the following information.

He confirmed that he issued the confinement order to Major Bishop on 10 May 06. He then reviewed Charge III regarding alleged fraudulent use of GTC and offered that the preferred charges were based on an OSI investigation and believed GTC charges totaled in excess of $40K. Based on the OSI Report of Investigation, Col Williams preferred charges in June 2005 and then had Major Bishop reassigned to SAF/AQRE. In response to Charge II, Col Williams stated that the GTC had been used in Washington DC area which was not authorized when one is assigned to the area. In response to rationale behind Charge I, Col Williams stated Major Bishop attempted to out-process AF fraudulently by not completing JSF/PO outprocessing checklist as was required and it is his belief that this was done by Major Bishop to avoid Court Martial. Col Williams did state that Major Bishop requested to separate in lieu of a Court Martial in September 2005 but request had been denied. Col Williams then reviewed the affidavit from Capt Gonzalez and reiterated steps member must take to out-process. In question were the initials in top block of second page of OL-P 11 MSS/DPMAR checklist and Col Williams stated that those were not initials of anyone assigned to JSF/PO command section. This fact was determined by query of JSF/PO outer office personnel regarding the initials. Col Williams proceeded to review Additional Charges I and II as well as 18 April 06 "script" including quotes from Major Bishop and 19 May 06 phone message left for Major Bishop. Col William strongly believes member is still in the Air Force while Major Bishop believes he is not, leading Col Williams to conclude that member will not appear for Court Martial even if ordered to do so. On 5 May 06, Major Bishop contacted the MPF to get is security clearance released. MPF notified Col Williams who proceeded to contact Major Bishop and informed him that he was a deserter. Major Bishop reiterated that he was no longer in the Air Force and in response, Col Williams told member to put on uniform and report to SAF/AQRE, Col Arbach. When Col Williams was asked whether he considered less severe forms of restraint, he stated that none were adequate and that he chose pre-trial conf to ensure member appears at Court Martial. Col Williams believes the weight of evidence is conclusive in that the number of fraudulent charges on the GTC was significant, i.e., not a mistake or administrative error and that Major Bishop willfully committed a premeditated crime. Col Williams believes Major Bishop's timing was fortuitous for him to be able to separate before trial thus demonstrating Major Bishop's ability to work the system and take advantage of the bureaucracy. Col Williams went on to state Major Bishop has been considered twice for promotion to Lt Col however, he was not selected for promotion. When asked by defense counsel about jurisdiction, Col Williams stated personnel in JSF/PO are under

UCMJ authority of FASW/CC while 11 MSS provides MPF-type support. Col Williams stated he was not aware of MPF issuing letter to Major Bishop stating he would be involuntarily separated on 31 March 06 due to his twice being non-selected for promotion. When asked if he had inquired as to whether Major Bishop was still on Air Force payroll, Col Williams stated he did not know, at which time defense produced a bank statement showing no payment from the Air Force. Col Williams also acknowledged that he did not verify whether Major Bishop had been issued a DD Form 214. Col Williams believes he still has jurisdiction over Major Bishop based on the fact that member cannot separate while awaiting Court Martial. When questioned by defense as to whether he had spoken to trial counsel, Col Williams stated he had not spoken to them between April 2005 and April 2006 and was not sure whether he would be called as witness. On 7 April, FASW/CCE contacted Col Williams and asked whether he had authorized Major Bishop's separation. It was at this time that Col Williams learned there was an issue with "speedy trial" and that charges had been withdrawn on or about 5-6 April 06. Col Williams stated charges were preferred again on 19 April 06. Col Williams was unable to confirm that Major Bishop had been placed on administrative hold as a result of the preferral of charges in June 2005. Col Williams concluded his statement by reiterating the following: (1) Major Bishop conducted fraudulent activity on his GTC; (2) Major Bishop fraudulently departed from Air Force; (3) Major Bishop consistently stated he is no longer in the Air Force; (4) Major Bishop must be help accountable for actions to maintain good order and discipline in the unit; and (5) Major Bishop will not appear for Court Martial.

Subscribed and sworn to before me this 13 day of May, 2006, at Marine Corps Base Quantico Confinement Facility, VA.

*[signature]*
Pretrial Confinement Reviewing Officer