UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN THOMAS BISHOP,               )<br>            Petitioner,       )<br>                                  )<br>     v.                           )<br>                                  )<br>MICHAEL W. WYNNE,                 )<br>Secretary of the Air Force,       )<br>            Respondent.          )<br>_____) | Civil Action No. 06-00921 (CKK) |

**REPLY IN SUPPORT OF MOTION TO DISMISS OR TO TRANSFER PETITIONER'S
PETITION FOR A WRIT OF HABEAS CORPUS**

Citing Smith v. Dalton, 927 F. Supp. 1 (D.D.C.1996), Plaintiff argues in his opposition that the District of Columbia is the proper jurisdiction to hear this case because "[t]he District of Columbia has jurisdiction over Secretary Wynne, because he conducts a significant portion of his official business in the District of Columbia. See Petitioner's Opposition to Government's Motion to Dismiss or to Transfer Petitioner's Petition for Writ of Habeas Corpus ("Petition's Opposition") at 5. Petitioner's reliance on Smith v. Dalton, however, is misplaced. The Smith case involved a lawsuit for the correction of military records; thus, the Court applied the general venue statute contained in 28 U.S.C. § 1391(e). See Smith v. Dalton, 927 F. Supp. at 5-6. In so doing, the Court found that the Secretary of the Navy "resides" in the District of Columbia for purposes of venue, because "he performs a significant amount of his official duties in this jurisdiction." Id. at 6.

The case here is easily distinguished from Smith, because it involves a petition for a writ of habeas corpus. The general venue statute is inapposite. Petitioner's habeas petition cannot be considered by this Court, because this Court lacks *personal jurisdiction* over the "person having

custody of the person detained" as required by 28 U.S.C. § 2243.  See Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir. 2004) (stating that "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction") (emphasis added).  The Secretary of the Air Force is not Petitioner's "custodian" for purposes of a habeas action.  Rather, Petitioner's custodian is Brigadier General Charles R. Davis, who is located in Arlington, Virginia.  See Second Affidavit of Brent R. Osgood (attached hereto).  Consequently, the proper venue for this case is the Eastern District of Virginia.

Lastly, Petitioner's reliance on the previous location and potential future location of court-martial proceedings does not confer jurisdiction here.  As Petitioner states himself, the "initial court-martial, scheduled for April 4, 2006, *was going to take place* at Bolling Air Force Base in the District of Columbia."  See Petitioner's Opposition at 5 (emphasis added).  Similarly, he speculates that any future investigation "*will take place* at Bolling Air Force Base." See id. (emphasis added).  Contrary to Petitioner's conclusion, Respondent does *not* agree that "[t]hese facts demonstrate that the Air Force agrees that the District of Columbia is the appropriate place to address" these issues.  See id.  As Respondent stated in its motion to dismiss or to transfer, Maj. Bishop was ordered to report on May 18, 2006, to the JSF/PO located in Arlington, VA., thus his custodian is located in the Eastern District of Virginia.[1]

**WHEREFORE**, for the foregoing reasons, petitioner's habeas petition should be

---

[1] Petitioner provides that Col. Michael Williams, the person who issued the order for Petitioner to report in Arlington, Virginia, is located in Ohio.  See Petitioner's Opposition at 4.  Col. Williams's presence in Ohio, however, cannot confer jurisdiction on the District of Columbia.

transferred to the U.S. District Court for the Eastern District of Virginia.

                Respectfully submitted,

                KENNETH L. WAINSTEIN
                United States Attorney


                _____/s/_____
                RUDOLPH CONTRERAS, D.C. BAR 434122
                Chief, Civil Division


                _____/s/_____
                KAREN L. MELNIK
                Assistant United States Attorney
                555 Fourth Street, N.W., Rm. E4112
                Washington, D.C.  20530
                (202) 307-0338


## **CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that a copy of the foregoing reply has been served by ECF upon petitioner's counsel, James R. Klimaski, on this 23rd day of May, 2006.


                _____/s/_____
                KAREN L. MELNIK
                Assistant United States Attorney