UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN T. BISHOP,

   Petitioner,

     v.

MICHAEL W. WYNNE,
SECRETARY OF THE AIR FORCE,

   Respondent.

Civil Action No. 06–921 (CKK)

**MEMORANDUM OPINION**
(June 19, 2006)

    Petitioner Steven Thomas Bishop filed a [1] Petition for Writ of Habeas Corpus by a Person in Military Custody on May 16, 2006, naming Michael W. Wynne in his official capacity as Secretary of the Air Force as the Respondent. Presently before the Court is the [3] Government's Motion to Dismiss or to Transfer Petitioner's Petition for a Writ of Habeas Corpus, filed on May 17, 2006, in response to which an Opposition, Reply, and Surreply were filed. After considering the aforementioned filings and the relevant statutes and case law, the Court shall grant Respondent's Motion to Dismiss and dismiss without prejudice the Petition.

**I: BACKGROUND**

    Petitioner entered the United States Air Force (hereinafter "Air Force") on March 26, 1990. Pet. ¶ 4. Petitioner was most recently assigned to the Fighter Attack Systems Wing, Wright-Patterson Air Force Base, Ohio, but attached to a Geographically Separated Unit ("GSU"), the J F-35 Joint Strike Fighter ("JSF") Program located in Arlington, Virginia. Pet. ¶ 6; Resp't's Mot. at 1. Though technically still assigned to the Wright-Patterson Air Force Base

and attached to JSF, Petitioner worked for the Secretary of the Air Force/Acquisition Secretariate Requirement Evaluations ("SAF/AQRE") in Arlington, Virginia, while charges were pending against him.  Pet. ¶ 6; Resp't's Mot. at 1.

On April 14, 2005, court-martial charges were preferred against Petitioner for alleged fraud related to government travel.  Resp't's Mot. at 2, Ex. 1 ¶ 3 (Osgood Aff.).  On September 21, 2005, charges were referred to trial by general court-martial.  *Id*.  On September 26, 2005, Petitioner submitted a Resignation in Lieu of Court-Martial ("RILO"), which was denied on January 25, 2006.  Resp't's Mot. at 2.

However, unrelated to the pending charges, Petitioner was informed on October 19, 2005, that because Petitioner had failed to be promoted to the position of Lieutenant Colonel for a second time, Petitioner would undergo involuntary separation from the Air Force on March 31, 2006.  Pet. ¶ 7; Resp't's Mot. at 2 n.1, Ex. 1 ¶¶ 4, 5 (Osgood Aff.); Pet'r's Opp'n at Ex. 2 (Letter, Oct. 19, 2005).  Petitioner filled out an out-processing checklist, and he was outprocessed on March 31, 2006 despite facing a court-martial at that time.  Pet ¶¶ 8–10; Resp't's Mot. at Ex. 1 ¶ 8 (Osgood Aff.).  The government maintains that Petitioner was outprocessed without the knowledge of the legal office of the Air Force, Petitioner's commander, or a "convening authority."  Resp't's Mot. at 2.  While Petitioner's court-martial was scheduled for April 4, 2006, charges against Petitioner were withdrawn on April 3, 2006.  Pet. ¶¶ 11, 12; Resp't's Mot. at 2–3. The government claims that the Chief Circuit Trial Counsel "recommended withdrawal of charges because of the need to investigate evidence of greater fraud than that originally identified," and that said charges were withdrawn absent knowledge of Petitioner's outprocessing.  Resp't's Mot. at 2–3, Ex. 1 ¶ 8 (Osgood Aff.).

On April 18, 2006, Colonel Michael D. Williams, Commander for the Fighter Attack Systems Wing at Wright-Patterson Air Force Base, sent Petitioner an order to report for duty to Colonel Charles Bailey's office at the SAF/AQRE in Arlington, Virginia, on April 19, 2006; the order stated that Petitioner remained on active duty. Pet. ¶ 13; Resp't's Mot. at 3, Ex. 2 ¶¶ 3, 4 (Williams Aff.), Ex. 3 (Order, Apr. 18, 2006). Petitioner did not report for duty on April 19, 2006. Pet ¶ 15; Resp't's Mot. at 3, Ex. 2 ¶ 5 (Williams Aff.). On April 19, 2006, Colonel Williams preferred court-martial charges against Petitioner, including travel-related fraud charges and attempted fraudulent separation. Pet. ¶ 14; Resp't's Mot. at 3.

On May 10, 2006, Petitioner was apprehended by the Air Force and transported to Quantico, Virginia, Marine Base Brig. Pet. ¶ 17; Resp't's Mot. at 4, Ex. 1 ¶ 14 (Osgood Aff.). Two additional charges for desertion and violation of an order to return to duty were preferred on May 10, 2006. Resp't's Mot. at 4, Ex. 1 ¶ 14 (Osgood Aff.). On May 14, 2006, one day after Petitioner's pretrial confinement hearing, Lieutenant Colonel Heinrich K. Rieping, Jr., the Pretrial Confinement Reviewing Officer, issued a decision releasing Petitioner from confinement. Pet. ¶ 19; Resp't's Mot. at 4. Petitioner was released from confinement on May 14, 2006. Pet ¶ 20. On the same day, Petitioner was ordered to report for duty on May 18, 2006, to the JSF/PO in Arlington, Virginia. Pet. ¶ 21; Resp't's Mot. at 4. In its Reply brief, Respondent states that Petitioner was supposed to report to Brigadier General Charles R. Davis, who is located in Arlington, Virginia. Reply at 2, Ex. 1 ¶ 2 (2d Osgood Aff.). The Court was informed on June 6, 2006, that Petitioner had not yet reported for duty. *See dkt. entry* [7] (Status Report).

Petitioner filed his Petition for a Writ of Habeas Corpus with the instant Court on May

16, 2006.  Petitioner argues that he was effectively discharged from the Air Force as of March 31, 2006, such that the Air Force lacks court-martial jurisdiction over him.  Pet. at 1.  Petitioner states that the instant Court has jurisdiction to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241(a) and (c) and 28 U.S.C. § 2243.  Id. ¶ 3.  Finally, Petitioner requests that the Court issue "an order directing the respondent to release him from any order to report for duty and to the re-preferred charges and specifications and court-martial" in addition to reasonable attorney's fees and costs related to this action.  Id. ¶¶ 23, 24.

Respondent, in the Government's Motion to Dismiss or Transfer, argues that the Petition should be dismissed or transferred to the Eastern District of Virginia because Petitioner's custodian is located there rather than in Washington, D.C.  Resp't's Mot. at 5.  The Court notes that while Respondent claims that Petitioner's custodian in located in the Eastern District of Virginia on page five of its Motion, it states on page six that "Col. Michael D. Williams is petitioner's immediate custodian for purposes of the federal habeas statute."  Resp't's Mot. at 6.  Colonel Williams, however, is stationed in and commander of the Fighter Attack Systems Wing located in Ohio, not Virginia.  Petitioner himself in his Opposition notes that "Mr. Bishop's 'Custodian' has no Local Location."  Pet'r's Opp'n at 4.  In response, Respondent states in its Reply that Petitioner's custodian is located in the Eastern District of Virginia, as Brigadier General Charles R. Davis at the JSF/PO in Arlington, Virginia, is the individual to whom Petitioner would report.  Reply at 2, Ex. 1 ¶ 2 (2d Osgood Aff.).

## II: LEGAL STANDARD & DISCUSSION

The Court notes that Petitioner's position is somewhat incongruous, in that while the Petitioner claims to not be in the military's custody, see Pet'r's Opp'n at 4 ("Mr. Bishop is not in

custody"), the statute under which Petitioner's Petition is brought is premised on unlawful custody of the petitioner. Pursuant to 28 U.S.C. § 2241(c),

> The writ of habeas corpus shall not extend to a prisoner unless–(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C.A. § 2241(c). It is the Court's understanding, based on the joint status report submitted by the Parties, that Petitioner has not yet reported for duty. *See dkt. entry* [7]. However, the instant circuit has previously acknowledged (without so holding) that when a petitioner argues that he is no longer a member of the military, but the military disagrees, such petitioner may be considered "in custody" for the purposes of filing a habeas petition. *See Rooney v. Sec'y of the Army*, 405 F.3d 1029, 1032 n.1 (D.C. Cir. 2005) ("Indeed, we think it likely that Rooney was 'in custody' for purposes of the habeas statute when he filed his initial complaint in March 2002, since at that point the Army considered him a reservist . . . obligated to return to active duty . . . ."). The Court will operate under the assumption that by virtue of the Air Force's assertion that Petitioner is obligated to report to duty, Petitioner is "in custody" such that he can bring a habeas petition pursuant to 28 U.S.C. § 2241. However, it is clear to the Court that the instant district court nonetheless does not have jurisdiction over his Petition.

"[A] district court has jurisdiction over a habeas petition 'only if it has jurisdiction over' a petitioner's custodian." *Rooney*, 405 F.3d at 1032 (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004)). In *Rooney*, the appellant had filed suit in the United States District Court for the District of Columbia, naming the Secretary of the Army as the Respondent, and sought relief in

the form of an order from the Court declaring his alleged discharge from the Army to be effective and irrevocable. Appellant had been ordered to report for active duty in Fort Hood, Texas. *Id.* at 1030. The district court granted the Army's motion for summary judgment, dismissing the case. *Id.* at 1029. However, the United States Court of Appeals for the District of Columbia vacated the district court's decision and judgment for lack of jurisdiction, holding that the federal district court with jurisdiction over Appellant's claim was the District Court for the Western District of Texas, wherein Fort Hood is located. *Id.* The instant circuit clarified that a court must have jurisdiction over the *immediate* custodian of a petitioner. *Id.* at 1032 ("[W]hile the United States District Court for the District of Columbia may have jurisdiction over the Secretary of the Army, that fact does not help [appellant] because the petitioner's immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." (internal quotation omitted)). *See also Monk v. Secretary of the Navy*, 793 F.2d 364, 369 ("[F]or the purposes of the federal habeas corpus statute, jurisdiction is proper only in the district in which the immediate, not the ultimate, custodian is located.").

Petitioner's "immediate custodian" in this case is *not* the Secretary of the Air Force. Petitioner's statement that "[w]hen no immediate physical custodian exists, the party exercising legal control is the proper respondent," see Pet'r's Opp'n at 4, is also inapposite in this case. An immediate custodian does exist, as Petitioner has been ordered by Colonel Williams to report for duty in Arlington, Virginia. Specifically, Petitioner would report to Brigadier General Charles R. Davis at the JSF/PO in Arlington, Virginia. It is therefore clear to the Court that Petitioner's immediate custodian is not located in the District of Columbia.

Pursuant to the instant circuit's decision in *Chatman-Bey v. Thornburgh*, prior to transfer,

a court should provide a habeas petitioner "with both notice of the District Court's anticipated action and an opportunity to set forth reasons why the case can (and should) properly be heard in this jurisdiction." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 814 (D.C. Cir. 1988). The appellate court further indicated that "[a]s to the specific procedure to follow, we are satisfied that issuance of an order to show cause is the most appropriate step prior to *sua sponte* transfer." *Id.* However, the Court shall not issue an order to show cause in the instant case because (1) Petitioner was on notice regarding the potential for dismissal or transfer of his Petition by virtue of the government's filing a Motion to Dismiss or Transfer, and (2) Petitioner has already had an opportunity to be heard on this issue in the context of his Opposition and Surreply to the Motion to Dismiss or Transfer. Therefore, the Court shall dismiss without prejudice the instant Petition with the understanding that Petitioner is free to file said Petition wherever his immediate custodian is located, presumably naming that individual in his or her official capacity as the proper Respondent. *See Chatman-Bey*, 864 F.2d at 810 ("It is also well settled that the appropriate defendant in a habeas action is the custodian of the prisoner.").

### III:  CONCLUSION

    For the aforementioned reasons, the Court shall grant the [3] Government's Motion to Dismiss, and shall dismiss without prejudice [1] Petition for Writ of Habeas Corpus by a Person in Military Custody, with the understanding that Petitioner is not precluded from filing his Petition in the district court having personal jurisdiction over the immediate custodian of Petitioner.  An Order accompanies this Memorandum Opinion.


Date:   June 19, 2006

                                                                                       /s/
                                                COLLEEN KOLLAR-KOTELLY
                                                United States District Judge